UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Brian O'Neal Knox, ) | Criminal No.: 4:17-cr-00379-RBH-1 |
| ) | Civil Action No.: 4:19-cv-01406-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Petitioner Brian O'Neal Knox's ("Petitioner's") *pro se* [ECF No. 97] motion to vacate, set aside, or correct sentence ("motion to vacate") pursuant to 28 U.S.C. § 2255. Also pending is the Government's [ECF No. 109] motion for summary judgment, Petitioner's [ECF No. 101] motion to appoint counsel, and Petitioner's [ECF NO. 113] motion for evidentiary hearing.

Petitioner's motion to vacate alleges six grounds for relief including an allegation that he instructed his counsel to file a direct appeal despite having waived his right to appeal in the plea agreement and at sentencing. Petitioner's signed appeal waiver [ECF No. 85] suggests Petitioner did not want to appeal. However, the Court is constrained by Petitioner's sworn statement that he requested that an appeal be filed anyway, and would require an evidentiary hearing. *See United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). Under the mandates of *Poindexter* and the unique circumstances of this case, the Court sees little harm in forgoing an evidentiary hearing on this issue and simply granting Petitioner a belated appeal. Accordingly, for the reasons explained more fully below, the Court grants Petitioner's motion to vacate as to ground four only and grants Petitioner a belated appeal.

**Procedural History and Factual Background**

On April 26, 2017, Petitioner was indicted in a three count indictment. [ECF No. 18]. Count one alleged possession with intent to distribute a quantity of cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count two alleged that Petitioner used or carried a firearm during and in relation to, and possessed a firearm in furtherance of, a drug trafficking crime, which is prosecutable in a court of the United States in violation of 18 U.S.C. § 924(c)(1)(A). Count three alleged felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e).

On December 5, 2017, Petitioner pled guilty to count two (§ 924(c) charge) pursuant to a Rule 11(c)(1)(C) plea agreement, which provided for a stipulated sentence of 168 months in prison. On April 25, 2018, Petitioner was sentenced to 168 months in prison consistent with the terms of his Rule 11(c)(1)(C) plea agreement. At sentencing, Petitioner signed a waiver of appeal indicating that he did not want to appeal. *See* [ECF No. 85]. Judgment was filed on May 1, 2018.

Petitioner filed the instant *pro se* motion to vacate on May 14, 2019.

**Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Nonconstitutional claims may be brought pursuant to § 2255, but will not provide a basis for collateral attack unless the error involves a "fundamental defect which inherently results in a complete miscarriage of justice."

*United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct., 2235, 2240 (1979); *United States v. Morrow*, 914 F.2d 608, 613 (4th Cir. 1990).

A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (stating petitioner "cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion'"); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)*; Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), cert denied, 429 U.S. 863, 97 S. Ct. 169 (1976). An exception occurs where there has been an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2302 (1974). Additionally, where a defendant could have raised a claim on direct appeal but fails to do so, the claim may only be raised in a federal habeas proceeding if the defendant can show both cause for and actual prejudice from the default, *see Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or that he is actually innocent, *see Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [ ] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 F. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States*

3

*v. Robinson*, 238 F. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Petitioner's motion to vacate alleges, among other things, ineffective assistance of counsel. Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Constitution. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686, (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness," *id*. at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. A

reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id*.

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id*. A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

## **Analysis**

Petitioner's motion to vacate alleges six grounds for relief. In ground four, Petitioner alleges that he requested counsel file an appeal but counsel failed to do so. Specifically, Petitioner alleges that his trial counsel was ineffective for failing to file a notice of appeal after he requested in writing that she file a notice of appeal. [Motion to Vacate, ECF No. 97].

The government responds that Petitioner signed an appeal waiver at sentencing and makes only a vague reference to having written counsel about an appeal at some point. The government also notes that Petitioner states clearly that he "knowingly and voluntarily" pled guilty.

The Fourth Circuit has concluded that "a criminal defense attorney's failure to file a notice of appeal when requested deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). This deprivation of the right to appeal entitles Petitioner to relief under 28 U.S.C. § 2255. *See id.* The Fourth Circuit has further explained that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). "When counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." *Id.* at 269 (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)). Additionally, there is a presumption of prejudice when an attorney fails to file an appeal, even when the defendant signs an appeal waiver. *See Garza v. Idaho*, 139 S. Ct. 738 (2019).

When the district court is presented with a scenario where a petitioner claims, under penalty of perjury, that he requested that his counsel file a notice of appeal, and there is conflicting evidence regarding whether the request was made, the court may vacate the judgment of conviction and immediately enter a new judgment from which a direct appeal may be taken. *See Peake*, 992 F.2d at 42; *see also Holmes v. United States*, No. 4:06-cr-1319-RBH, 2010 WL 1791256, at *1 (D.S.C. May 3, 2010); *Oliphant v. United States*, No. 3:08-70046-JFA, 2010 WL 3069491, at *2 (D.S.C. Aug. 3, 2010). This action will allow the petitioner to make a timely appeal pursuant to the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 4(b) & (c).

Petitioner's statement that he requested in writing that he asked counsel to file an appeal appears to be an unequivocal request for an appeal. The Court is mindful that Petitioner seeks to

6

appeal a Rule 11(c)(1)(C) sentence, waived his right to appeal in the plea agreement, and signed an appeal waiver at sentencing, all of which can be raised by the government to the Fourth Circuit Court of Appeals. However, because Petitioner alleges under penalty of perjury that he instructed his attorney to file an appeal and his attorney did not do so, the Court grants in part Petitioner's motion to vacate only as to ground four, which alleges ineffective assistance of counsel for failure to file a direct appeal. The Court will vacate the Petitioner's sentence of conviction and immediately reinstate and re-impose his conviction to permit the Petitioner a renewed opportunity to seek a direct appeal. The remainder of the Petitioner's claims are dismissed without prejudice to the Petitioner's right to file another habeas motion, if necessary, after a direct appeal. *See United States v. Killian*, 22 Fed. App'x 300, 300–01 (4th Cir. 2001).

Because a criminal defendant has a right to counsel throughout the direct appeal, the Court directs the Clerk to appoint counsel for the Petitioner to assist him with the pursuit of his direct appeal.

## Conclusion

The Court hereby **GRANTS IN PART** Petitioner's [ECF No. 97] motion to vacate only as to ground four on the issue of counsel's alleged failure to file a direct appeal when instructed to do so. Because the Petitioner is confined and will have a difficult time retaining an attorney, the Court finds that justice requires the appointment of an attorney to represent the Petitioner, and the Clerk is hereby authorized to take the necessary steps to appoint counsel. *See* 18 U.S.C. § 3006A. The government's [ECF No. 109] motion for summary judgment is **DENIED**. Petitioner's [ECF No. 101] pro se motion to appoint counsel and [ECF No. 113] pro se motion for evidentiary hearing are **MOOT**.

Based on the foregoing, it is **ORDERED** that the Petitioner's sentence is **VACATED** and the same judgment of conviction is **IMMEDIATELY RE-IMPOSED** and **REINSTATED** with the date of imposition of judgment being the filing date of this Order. The Clerk is directed to appoint counsel for the Petitioner to assist him with the pursuit of his direct appeal.

**IT IS FURTHER ORDERED** that the remaining claims raised in the Petitioner's [ECF No. 97] motion to vacate are **DISMISSED without prejudice** to the Petitioner's right to file another habeas motion, if necessary, after a direct appeal.

**IT IS SO ORDERED**.

December 19, 2019  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge